

**SIGNED THIS 25th day of June, 2019**

**THIS ORDER HAS BEEN ENTERED ON THE DOCKET.
PLEASE SEE DOCKET FOR ENTRY DATE.**

Rebecca B. Connelly
UNITED STATES BANKRUPTCY JUDGE

# UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
Lynchburg Division

| | |
|---|---|
| IN RE:<br>BRUCE ALLEN RUSSELL<br>    Debtor<br>_____<br>ABS REO TRUST V C/O SELECT PORTFOLIO SERVICING, INC.<br>    Movant<br>v.<br>BRUCE ALLEN RUSSELL<br>    Debtor/Respondent<br>and<br>HERBERT L. BESKIN<br>    Trustee/Respondent | Case No. 18-61226-RBC<br><br>Chapter 13 |

## AGREED ORDER MODIFYING AUTOMATIC STAY

This matter comes before the court on the Motion for Relief from Automatic Stay filed on April 23, 2019 (the "Motion") on behalf of ABS REO Trust V (the "Movant"), by counsel.

WHEREAS, the Movant is the current holder of the promissory note in the original principal amount of $50,000.00 (the "Note"), the payment of which is secured by a Deed of Trust dated August 22, 2006 (the "Deed of Trust"), which Deed of Trust encumbers real property known as 5132 West Old Mountain Road, a/r/t/a 4875 Airy Rd, Louisa, VA 23093 (the "Property") and more particularly described as follows:

```
LEGAL DESCRIPTION:

ALL THAT CERTAIN TRACT, PARCEL OR LOT OF LAND LYING AND BEING
SITUATE IN LOUISA MAGISTERIAL DISTRICT, LOUISA COUNTY, VIRGINIA,
CONTAINING 1.800 ACRES, MORE OR LESS, SHOWN AND DESIGNATED AS
TRACT 1B ON PLAT OF SURVEY BY JAMES H. BELL, JR., P.C., P.L.S., DATED
AUGUST 15, 1996, REVISED JULY 15, 1997, A COPY OF WHICH IS RECORDED
WITH THE DEED IN DEED BOOK 546, PAGE 594, REFERENCE TO WHICH IS
HEREBY MADE FOR A MORE PARTICULAR DESCRIPTION OF THE PROPERTY
HEREBY CONVEYED.

TOGETHER WITH A NON-EXCLUSIVE RIGHT OF WAY EASEMENT 50' IN
WIDTH FOR INGRESS, EGRESS, AND UTILITIES, BEING LOCATED ON TRACT
1A SHOWN ON SAID PLAT OF SURVEY AS ADJOINING SAID TRACT 1B ON
THE NORTHEAST; SAID RIGHT OF WAY IS FURTHER SHOWN AND
DESCRIBED ON THE SKETCH WHICH IS RECORDED WITH THE DEED IN
DEED BOOK 546, PAGE 594.

AND BEING THE SAME REAL ESTATE CONVEYED TO BRUCE A. RUSSELL,
JR. AND CINDY S. RUSSELL, HUSBAND AND WIFE, AS TENANTS BY THE
ENTIRETY WITH THE RIGHT OF SURVIVORSHIP AS AT COMMON LAW, BY
DEED FROM WILLIAM A. COOKE, INCORPORATED, DATED AUGUST 5, 1997
AND RECORDED AUGUST 20, 1997 IN DEED BOOK 546, PAGE 594, AT THE
CLERK'S OFFICE OF THE CIRCUIT COURT OF LOUISA COUNTY, VIRGINIA.
```

WHEREAS, Bruce Allen Russell (the "Debtor") and the Movant have reviewed the Motion and reached an agreement in this matter, the terms of which are set forth herein,

NOW THEREFORE, it is hereby

**ORDERED**

that the automatic stay imposed by 11 U.S.C. §362(a) shall be and the same is MODIFIED, pursuant to 11 U.S.C. §362(d), to permit the Movant to take such action as may be necessary to enforce its lien of the Deed of Trust, including the initiation of foreclosure proceedings against the Property and commencement of any action to obtain possession of the Property as permitted by applicable state law.

IT IS FURTHER ORDERED that the provisions lifting the automatic stay in this Agreed Order Modifying the Automatic Stay (the "Agreed Order") are stayed, contingent upon the Debtor`s continued compliance with the terms of this Agreed Order, and provided that the following conditions are met:

1. The Debtor will resume making regular monthly installment payments in the amount of $382.06 (subject to adjustment due to interest rate changes or escrow changes) as they become due commencing on July 25, 2019. Late payments will include applicable late charges in the amount of $0.00 (subject to change due to adjustments of the monthly principal and interest payment). The Debtor shall provide to the Chapter 13 Trustee (the

"Trustee"), within twenty-one (21) days of entry of this order, evidence that a recurring and automatic bill pay at their bank has been established for the purpose of remitting the ongoing mortgage payments to the Movant.

2. The Debtor will cure the post-petition arrearage currently due to the Movant through June 25, 2019 in the total amount of $2,020.96, which includes 1 post-petition monthly payment due from January 25, 2019 in the amount of $380.37, and 5 post-petition monthly payments due from February 25, 2019 through June 25, 2019 in the amount of $382.06 each, and credit for funds currently in suspense in the amount of $269.71, by filing an Amended/Modified Chapter 13 Plan (the "Amended Plan"), which Amended Plan shall provide that the arrearage will be paid by the Trustee, along with any outstanding pre-petition arrearage, to the Movant for the remaining life of the current bankruptcy case. The Debtor shall file the Amended Plan within twenty-one (21) days of the entry of this Agreed Order.

3. The parties hereby agree, and the Court hereby Orders, that the amount of post-petition arrears owed to the creditor are determined to be $2,020.96 through June 25, 2019. If the creditor has previously filed an allowed secured claim, this determination of its amount shall be considered sufficient for the Trustee to pay this amount without the need for the creditor to file a supplemental or amended claim. If a supplemental or amended claim for post-petition arrears is filed by the creditor with a different amount than that set forth above, it shall supersede this information and the Trustee shall adjust payments on this claim accordingly, with rights reserved to all parties to object for good cause shown. If the creditor has not previously filed an allowed secured claim, it must do so before the Trustee can pay these post-petition arrears.

4. All payments shall be made payable to the Movant at the following address:

> Select Portfolio Servicing, Inc.
> Attn: Remittance Processing
> P.O. Box 65450
> Salt Lake City, UT 84165-0450

5. In the event that any payment set forth in this order is not received by the Movant within 15 days after it is due, or if the Debtor does not file the Amended Plan within 21 days of the entry of this order, the Movant may file a Notice of Default with the Bankruptcy Court, and shall mail a copy to the Debtor by first class mail. The notice of default will state in simple and plain language:

   a. That the Debtor is in default in making at least one payment required under this order or in timely filing the Amended Plan;
   b. The dates and amount of each payment missed and any late charge or other fee necessary to cure the default;
   c. The action necessary to cure the default, including any address to which payments must be mailed;

      d. That the Debtor or Trustee must take one of the following actions within fourteen days after the date of the mailing of the notice of default:
          i. cure the default;
          ii. file an objection with the court stating that no default exists; or
          iii. file an objection with the court stating any other reason why an order granting relief from the automatic stay should not be entered;
      e. That if the Debtor or Trustee does not take one of the actions set forth in paragraph 5(d), the Movant may file a certificate that it has complied with the terms of this order and that the court may grant relief from the automatic stay without further notice to the Debtor; and
      f. That if the automatic stay is terminated, the collateral may be sold at foreclosure.

If the Debtor or Trustee does not take one of the actions set forth in paragraph 5(d), the Movant may submit a certificate stating that it has complied with the terms of this order and that neither the Debtor nor the Trustee has taken one of the actions set forth in paragraph 5(d) and may submit together with the certificate a draft order, endorsed by the Trustee, terminating the automatic stay.

If the Debtor or Trustee file a Response to the Notice of Default, the Respondent shall set the matter for a hearing, at which time the Court may terminate the automatic stay or take other action appropriate to the circumstances.

6. Until an order is entered terminating the automatic stay, the Movant may not refuse to accept or apply payments tendered by the Debtor, even if such payments are late or in an improper amount; however, acceptance of non-conforming payments is without prejudice and shall not constitute a waiver of any default.

7. The automatic stay is modified to permit the noteholder or servicing agent to send the Debtor payment coupons, payment statements or invoices, notices of late payment, notices of payment changes, notices of servicing transfers, or any other notice, other than a notice of acceleration or demand for payment of the entire balance, normally sent to customers in the ordinary course of business.

8. Should the Debtor default pursuant to the terms contained herein, unless otherwise ordered by this court, the Movant shall be entitled to reasonable attorneys fees in the amount of $0.00 for issuance of a notice of default, and an additional $0.00 for issuance of a certificate of default and preparation of an order terminating the automatic stay.

IT IS FURTHER ORDERED that if the holder of any other Deed of Trust encumbering the Property obtains relief from the automatic stay, then the Movant herein is automatically granted relief from the automatic stay.

IT IS FURTHER ORDERED that upon dismissal, discharge, chapter conversion, or relief from stay, the foregoing terms and conditions shall cease to be binding, payments will be due

pursuant to the terms of the original loan agreement and Movant may proceed to enforce its remedies under applicable non-bankruptcy law against the Real Property and/or against the Debtor(s).

IT IS FURTHER ORDERED that upon entry of an order terminating the stay, the Trustee will cease making payments on the Movant's secured claim which were required by the plan. Within 180 days of the entry of an order terminating the stay, the Movant must file an amended unsecured claim for any deficiency (which claim must include documentation proving that the Movant has liquidated its collateral and applied the proceeds of sale in accordance with applicable state law) or such claim against the bankruptcy estate shall be forever barred.

IT IS FURTHER ORDERED that the Movant shall promptly notify the Court and the Trustee in writing of the results of any foreclosure sale of the Property conducted by the Movant resulting in surplus proceeds, and shall pay to the Trustee any excess funds received from that foreclosure sale. Upon payment of the funds as set forth herein, the Movant shall be free of any further duties or responsibilities in regards to the excess proceeds paid to the Trustee.

**END OF ORDER**

**I ASK FOR THIS:**

 /s/ Andrew Todd Rich
Andrew Todd Rich, VSB# 74296
BWW Law Group, LLC
8100 Three Chopt Road, Suite 240
Richmond, VA  23229
(804)282-0463 (phone)
Todd.Rich@bww-law.com
*Attorney for the Movant*

**SEEN AND AGREED:**

 /s/ Jennifer Wagoner
Marshall Moore Slayton, Esq.
913 East Jefferson Street
Charlottesville, VA 22902
*Counsel for the Debtor*

**SEEN:**

  /s/ Herbert L. Beskin
Herbert L. Beskin, Trustee
P.O. Box 2103
Charlottesville, VA 22902
*Chapter 13 Trustee*

## CERTIFICATION

      I HEREBY CERTIFY that upon entry of this order, a copy will be mailed to all necessary parties not receiving electronic notice set forth below.

  /s/ Andrew Todd Rich
Andrew Todd Rich
Attorney
BWW Law Group, LLC

Herbert L. Beskin, Trustee
P.O. Box 2103
Charlottesville, VA 22902

Marshall Moore Slayton, Esq.
913 East Jefferson Street
Charlottesville, VA 22902

Bruce Allen Russell
5132 West Old Mountain Road
Louisa, VA 23093

Bruce Allen Russell
4875 Airy Rd
Louisa, VA 23093